UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD LEE PAULSON,

        Plaintiff,

    v.

PRISONER TRANSPORT, *et al.*,

        Defendants.

CASE NO. 3:19-cv-05491-BHS-JRC

ORDER FOR DEFENDANT
PRISONER TRANSPORT TO
SHOW CAUSE ON OR BEFORE
**OCTOBER 14, 2019**

    This is a civil rights action brought under 42 U.S.C. § 1983. *See* Dkt. 6. On July 24, 2019, the Court entered an Order directing service of plaintiff's complaint, which informed defendants that they had 30 days in which to return a waiver of service of summons and—if they waived service of summons—60 days from date on the notice of lawsuit to serve an answer or motion under Federal Rule of Civil Procedure 12. *See* Dkt. 7, at 2. Otherwise, defendants would be personally served, possibly at their own expense. *See* Dkt. 7, at 2.

    The Clerk's Office sent the complaint and Order by first-class mail to all defendants. *See* Dkt. 7. The Clerk's Office also sent a copy of the waiver of service of summons form, which informed defendants that failure to file and serve an answer or motion under Rule 12 within 60

days of July 24, 2019, could result in a judgment being entered against a defendant.  *See, e.g.*, Dkt. 9, at 1.  Defendant Prisoner Transport did not return a waiver of service of summons.  *See* Dkt.  However, defendant Prisoner Transport entered an appearance on August 19, 2019 (*see* Dkt. 12; *see also* Dkts. 13, 14) and later filed a notice of withdrawal of two of its three counsel and a corporate disclosure statement.  *See* Dkts. 15, 17.  None of the appearances entered by defendant Prisoner Transport's counsel reserved issues of sufficiency of service or personal jurisdiction.  *See* Dkt. 12, at 1; Dkt. 13, at 1; Dkt. 14, at 1.  Defendant Prisoner Transport has not otherwise taken action in this matter—including filing a timely answer or motion under Rule 12.

The Ninth Circuit has stated that "[a] general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986).  Therefore, defendant Prisoner Transport is hereby ordered to show cause regarding its failure to file a timely answer or motion under Rule 12 in this matter.

Defendant Prisoner Transport may satisfy this Order by filing a motion under Rule 12 or answer to the complaint.  Prisoner Transport may also satisfy this Order by showing cause that its appearance in this matter has not waived any defect in service, so that personal service is appropriate—including any argument that personal service should not be at Prisoner Transport's expense.  In either event, Prisoner Transport must take action in response to this Order on or before **October 14, 2019.**  The Clerk's Office will update the docket accordingly.

Dated this 30th day of September, 2019.


J. Richard Creatura
United States Magistrate Judge