UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD LEE PAULSON,

    Plaintiff,

v.

PRISONER TRANSPORT, *et al.*,

    Defendants.

CASE NO. 3:19-cv-05491 BHS-JRC

ORDER FOR PLAINTIFF TO SHOW CAUSE AND RENOTING PENDING MOTIONS

This matter is before the Court on plaintiff's response to defendants' motions to dismiss. *See* Dkts. 16, 20, 23. Plaintiff's response indicates that plaintiff seeks to amend his complaint in this matter. If plaintiff still wishes to amend his complaint, he must comply with this Order and file a motion to amend—including a proposed amended complaint—on or before November 15, 2019.

**DISCUSSION**

Plaintiff, a prisoner who proceeds *pro se* and *in forma pauperis*, initiated this matter in June 2019. *See* Dkt. 1. In his complaint, which he brought under 42 U.S.C. § 1983, plaintiff

alleges that events that occurred during his pre-conviction transport from Tennessee to Washington State constituted cruel and unusual punishment in violation of the Eighth Amendment. Dkt. 6, at 8.

Defendants filed motions to dismiss (*see* Dkts. 16, 20), and plaintiff has filed a response, including a motion to strike the motions to dismiss. *See* Dkt. 23, at 1. Plaintiff's response raises additional claims to the claim of cruel and unusual punishment in his complaint, including stating that there was violation of his "8th and 14th Amendment civil rights, as well as prosecutorial misconduct, deliberate indifference, obstruction of justice, malicious prosecution, and conspiracy to interfere with civil rights." Dkt. 23, at 4. Plaintiff's response also includes facts not alleged in his complaint, including allegations that the prosecutor suppressed his medical records to impede this matter. *See* Dkt. 23, at 14. And in his response, plaintiff appears to state that he is entitled to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1). *See* Dkt. 23, at 16. He asks that the Court "add the enclosed information and grounds in [the response] as an amended and supplemental pleading to [p]laintiff's original pleading." Dkt. 23, at 16. Plaintiff has also filed pending motions to compel disclosure of or subpoena information that he alleges is related to his claims. *See* Dkts. 24, 25. In their reply in support of the motion to dismiss, defendants request that the court decline to allow plaintiff to amend his complaint. *See* Dkt. 26, at 4.

Plaintiff may not amend his complaint as a matter of course under Rule 15(a)(1). That rule allows such an amendment if done within, as relevant here, "21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Because plaintiff's request

to amend his complaint was made on October 14—more than 21 days after the first motion to dismiss was filed (*see* Dkt. 16)—and plaintiff does not have the opposing parties' written consent to amend, plaintiff must obtain this Court's leave to amend his complaint.

Moreover, the Court has instructed plaintiff that requests for court action "shall be set forth in a motion[.]" Dkt. 7. Here, plaintiff has simply included a request to amend his complaint within the conclusion to his "Objections to Defendant[']s Motion to Dismiss and Summary Judgment." *See* Dkt. 23, at 16. As defendants point out, plaintiff's requesting to amend his complaint in a response to a motion to dismiss is inappropriate. *See* Dkt. 26, at 4.

In addition to filing a motion to amend, plaintiff "must attach a copy of the proposed amended pleading as an exhibit to" a motion or stipulation to amend his pleading. *See* Local Civil Rule 15. Plaintiff has not provided this Court with a copy of the proposed amended pleading. In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Without a proposed amended complaint, the undersigned is unable to consider if leave to amend should be granted in light of these four factors.

Therefore, at this time, the undersigned declines to rule on plaintiff's request to amend contained in his response to the motions to dismiss. However, the undersigned also declines defendants' request to issue a report and recommendation regarding the motion to dismiss and ignore the "materials and causes of action that have been added in opposition briefing." Dkt. 26, at 4. Rather, the Court will offer plaintiff an opportunity to properly request to amend his complaint.

If plaintiff still wishes to amend his complaint (Dkt. 6), he may file a motion to amend with an attached amended proposed complaint on or before November 18, 2019. The proposed amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the complaint (Dkt. 6) by reference. The proposed amended complaint will act as a complete substitute for the complaint, and not as a supplement. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If plaintiff does not file a motion to amend and proposed amended complaint on or before November 15, 2019, the matter shall proceed on plaintiff's complaint. *See* Dkt. 6. The Court will re-note other pending motions in this matter accordingly.

## CONCLUSION AND DIRECTIONS TO THE CLERK

If plaintiff wishes to amend his complaint, he must file a motion for leave to amend—including a proposed amended complaint—on or before **November 15, 2019.** The Clerk's Office shall update the docket accordingly and shall re-note pending motions in this matter (Dkts. 16, 20, 24, and 25) for consideration on November 22, 2019. The Clerk's Office shall also provide plaintiff with the form for filing a § 1983 complaint.

Dated this 22nd day of October, 2019.

J. Richard Creatura
United States Magistrate Judge