UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD LEE PAULSON,

    Plaintiff,

v.

PRISONER TRANSPORT, *et al.*,

    Defendants.

CASE NO. 3:19-cv-05491 BHS-JRC

ORDER ON MOTION TO AMEND COMPLAINT AND OTHER MISCELLANEOUS MOTIONS

This is a civil rights action brought under 42 U.S.C. § 1983. This matter is before the Court on plaintiff's motion to amend his complaint and miscellaneous discovery-related motions, as well as certain defendants' motion to stay discovery. *See* Dkts. 24, 25, 31, 32, 33, 35.

Because leave to amend should be granted freely and there is no showing of undue prejudice or the other factors counseling against granting leave to amend, plaintiff's motion to amend his complaint is granted. Because plaintiff has not included a certification that he met and conferred with the opposing parties before filing his discovery-related motions, they are denied. Because the Court "must issue" a subpoena on a party's request, the Clerk's Office is

directed to issue the subpoena requested by plaintiff to depose a third-party witness. Finally, because the motions to dismiss are moot and the motion to amend is granted, the motion to stay discovery pending the resolution of the motions to dismiss and the motion to amend is denied.

**BACKGROUND**

Plaintiff brought suit in June 2019, alleging deliberate indifference in violation of the Constitution by a prosecutor who ordered him transported in "inhuman[e]" conditions, the company that transported plaintiff to Washington State before his conviction, and Kitsap County and Kitsap County "Sheriff Jail" for his ensuing 18-month incarceration. *See* Dkt. 6, at 1–8.

In October 2019, after plaintiff raised additional claims to those in his complaint in his response to a motion to dismiss, the Court ordered plaintiff to file a motion to amend if he wished to amend his complaint. *See* Dkt. 27. Plaintiff filed the pending motion to amend his complaint, including his proposed first amended complaint. *See* Dkt. 31. Plaintiff's proposed complaint identifies the same four defendants as his original complaint and includes his claim of deliberate indifference related to his conditions of transport. *See* Dkt. 31-1, at 5. In addition, plaintiff includes new allegations under 42 U.S.C. § 1985(2) and (3) for obstruction of justice and conspiracy to interfere with civil rights and 42 U.S.C. § 1986 for neglect to prevent conspiracy by all defendants. *See* Dkt. 31-1, at 6. Plaintiff also includes new claims of prosecutorial misconduct and malicious prosecution against defendant George, the prosecutor. *See* Dkt. 31-1, at 7. In addition to requesting monetary damages, plaintiff requests that the Court vacate "with prejudice" his conviction and sentence on the basis of alleged constitutional violations. *See* Dkt. 31-1, at 18.

Plaintiff has also filed pending discovery-related motions, including a motion for the Court to subpoena a third-party witness. *See* Dkts. 24, 25, 32, 33. Defendants have filed

responses to these motions, and the matters are ripe for decision. Defendants have also requested that discovery be stayed pending resolution of the motions to dismiss and motion to amend. *See* Dkt. 35.

**DISCUSSION**

**I. Motion for Leave to Amend Complaint**

Leave to amend a complaint should be "freely" granted "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend is not automatically granted. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) any previous amendments to the complaint. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Prejudice to the opposing party carries the greatest weight. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the burden of showing prejudice. *DCD Programs, LTD. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

After reviewing the parties' filings, the court finds no bad faith on the part of plaintiff in seeking leave to file his first amended complaint. Indeed, the Court offered plaintiff—who is *pro se*—the opportunity to move to amend his complaint after he attempted to raise new legal arguments in his response to a motion to dismiss. Nor does the Court find undue delay, futility, or prejudice. Notably, not one defendant has filed an opposition to plaintiff's motion to amend his complaint—despite that the Ninth Circuit has held that defendants under these circumstances bear the burden to show prejudice from the amendment. Although defendants have filed motions to dismiss pertaining to the deliberate indifference claims, the Court finds that adding additional claims at this early stage does not create significant prejudice to the opposing parties.

1    Therefore, the Court grants plaintiff's motion for leave to amend his complaint. The

2    proposed first amended complaint shall be docketed as the operative complaint in this matter.

3    *See* Dkt. 31-1.

4    **II. Discovery Motions**

5    **A. "Rule 37(a) Motion for an Order Compelling Defendants to Disclose,"**

6    **"Motion to Disclose in accordance with [Rules] 26(b) and 34(a)(1)(A)," and "Motion for**

7    **Interrogatories in accordance to [Rule] 33(a)"**

8    Plaintiff has filed motions under Federal Rules of Civil Procedure 37(a), 26(b), and

9    34(a)(1)(A), requesting that defendants disclose certain documents and contracts related to his

10   transport and lists of medical personnel who treated plaintiff, as well as staff and Prison

11   Transport employees present during plaintiff's transport. *See* Dkt. 24, at 1–2; Dkt. 33. Plaintiff

12   separately requests that defendants answer an "Interrogatory Statement" regarding his alleged

13   heat stroke. *See* Dkt. 32, at 1–2. None of plaintiff's motions includes a certification that he met

14   and conferred with defendants in good faith—or attempted to do so—prior to filing the motion.

15   Federal Rule of Civil Procedure 37(a) allows a party to move for disclosure or discovery

16   to be compelled. "The motion must include a certification that the movant has in good faith

17   conferred or attempted to confer with the person or party failing to make disclosure or discovery

18   in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* Local Civil Rule

19   ("LCR") 37(a)(1). Motions to compel production of documents, responses to interrogatories,

20   and initial disclosures are all discovery motions that require a meet-and-confer certification. *See,*

21   *e.g.*, *Slaughter v. Glebe*, No. 3:15-cv-05484-BHS-JRC, 2018 WL 1365823, at *1 (W.D. Wash.

22   March 15, 2018) (interrogatories); *Compana, LLC v. Aetna, Inc.*, No. C05-0277L, 2006 WL

23   8454811, at *1 (W.D. Wash. Feb. 28, 2006) (initial disclosures).

24

The meet-and-confer requirement is intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. Failure to certify that plaintiff in good faith conferred or attempted to confer with the person or party against whom he directs his motion is, standing alone, grounds to deny plaintiff's motion. *See, e.g.*, *Lloyd v. Powell*, C09-5734 BHS/KLS 2010 WL 3489940, at *1 (W.D. Wash. Aug. 30, 2010). Despite plaintiff's *pro se* status, he is required, like other civil litigants, to comply with the federal and local court rules of civil procedure, notwithstanding the Court's obligation to make reasonable allowances for *pro se* litigants. *See McCabe v. Arave*, 827 F.2d 634, 640 n. 6 (9th Cir. 1997).

Therefore, the Court denies plaintiff's motions to compel answers to an interrogatory and disclosures without addressing the merits of the motions.

**B. "Rule 45(d) Motion to Subpoena Sgt. T. Coleman for Testimony and/or Deposition"**

Plaintiff has filed a "motion to subpoena" the alleged driver of the van that transported him to Kitsap County "for testimony, and[/]or deposition." Dkt. 25, at 1.

Plaintiff's request appears to be for issuance of a subpoena for a third-party witness to testify—a request that a clerk's office "must" grant, with the subpoena "signed but otherwise in blank," on a party's request. *See* Fed. R. Civ. P. 45(a)(3). Plaintiff must complete the subpoena before service. *See* Fed. R. Civ. P. 45(a)(3). Rule 45 contains detailed requirements for the form, contents, and service of such a subpoena. Rule 45 also authorizes the imposition of appropriate sanctions on a party who fails to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Fed. R. Civ. P. 45(d)(1).

To the extent that defendant Prisoner Transport argues that the subpoena should not be issued because it is inefficient to do so when there are pending motions to dismiss, the Court notes that because plaintiff has amended his complaint, the pending motions to dismiss are moot. Moreover, defendant Prisoner Transport offers no authority that pending dispositive motions override the Civil Rules' mandate that the Court "must issue" a subpoena upon a party's request.

Defendant Prisoner Transport alternatively argues that "Plaintiff's motion should be denied" because it seeks to compel the deposition of a person who resides in Tennessee and is therefore beyond the geographical limits of Rule 45. *See* Fed. R. Civ. P. 45(c)(1)(A) ("A subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]"). But "[a] subpoena must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). The action is pending in this District, so that this Court must issue the subpoena.

Defendants are correct that Rule 45(c) elaborates that such a subpoena may not be enforceable if it commands a person to attend a deposition more than 100 miles from the state in which that person resides. However, the mechanism for such an argument, if appropriate, is set forth in Rule 45—submitting an objection, moving to quash, or moving to modify the subpoena after it has been issued. *See* Fed. R. Civ. P. 45(c)–(d); *see also* Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance [with the subpoena] is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)."). These arguments are premature when no subpoena has yet been issued and served.

The Clerk's Office will issue an appropriate blank subpoena.

///

**III. Motion to Stay**

Defendants George, Kitsap County, and Kitsap County Sheriff Jail request that discovery in the matter be stayed pending resolution of the motion to amend and the motions to dismiss. *See* Dkt. 35, at 1. As the Court has granted the motion to amend, so that the motions to dismiss are moot, the Court declines to stay discovery at this time.

## CONCLUSION AND DIRECTIONS TO THE CLERK

Plaintiff's motion to amend (Dkt. 31) is granted. His amended complaint (Dkt. 31-1) should be docketed as the operative complaint in this matter. Plaintiff's Motion for an Order Compelling Defendants to Disclose (Dkt. 24), Motion for Interrogatories (Dkt. 32), and Motion to Disclose (Dkt. 33) are denied. Plaintiff's Motion to Subpoena Sgt. T. Coleman (Dkt. 25) is interpreted as a motion for issuance of a subpoena for a deposition, which the Clerk's Office shall issue. Defendants' Motion to Stay (Dkt. 35) is denied without prejudice.

Dated this 5th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge