UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD LEE PAULSON,

               Plaintiff,

v.

PRISONER TRANSPORT *et al.*,

               Defendants.

CASE NO. 3:19-cv-05491-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 27, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Plaintiff seeks to hold Kitsap County defendants and a company that transports arrestees ("Prisoner Transport") liable for conditions of his transport from Oklahoma to Washington State in 2016. Part way through the journey, he allegedly suffered a heatstroke. Allegedly on the order of the Kitsap County prosecutor (defendant Ione George), he was returned to the transport shuttle to continue the journey, causing him to suffer additional health problems.

REPORT AND RECOMMENDATION - 1

1       This matter is before the Court on motions to dismiss filed by all four defendants in this

2 matter—defendants George, Kitsap County, and Kitsap County "Sheriff Jail" (collectively, the

3 "County defendants") and Prisoner Transport. *See* Dkts. 49, 50. Of these claims, only plaintiff's

4 claim against defendant George for deliberate indifference survives, since those allegations set

5 forth a colorable Fourteenth Amendment claim and that defendant George acted outside her role

6 as the government's advocate, so that prosecutorial immunity does not shield her from liability.

7 However, the remaining claims should be dismissed with prejudice, except plaintiff's

8 prosecutorial misconduct claim, which should be dismissed without prejudice.

9       This matter should proceed solely on the § 1983 claim for alleged deliberate indifference

10 by defendant George.

## BACKGROUND

**I. Amended Complaint**

13       Plaintiff, who is incarcerated and proceeds *in forma pauperis*, brought this matter in June

14 2019. *See* Dkt. 1. In the operative complaint (Dkt. 47), plaintiff brings claims against the Kitsap

15 County prosecutor (defendant George), Kitsap County, the "Kitsap County Sheriff Jail," and

16 Prisoner Transport, a private company. *See* Dkt. 47, at 3, 10. Against all defendants, plaintiff

17 brings claims of violations of his Eighth and Fourteenth Amendment rights and 42 U.S.C. §§

18 1985(2)–(3) and 1986. *See* Dkt. 47, at 5–6. Against defendant George, plaintiff additionally

19 brings claims of prosecutorial misconduct and malicious prosecution. *See* Dkt. 47, at 7.

20       Plaintiff alleges that in May 2016, federal marshals arrested him in Oklahoma, based on

21 allegations against him from 1984. *See* Dkt. 47, at 4. On June 5, 2016, defendant Prisoner

22 Transport took custody of plaintiff and drove him more than 3,000 miles to Kitsap County. Dkt.

23 47, at 5. Plaintiff alleges that conditions in the transport shuttle violated the Constitution: it was

24

1    "crammed, hot and smelly, with the inability to properly hydrate or relieve himself, and rest for a
2    short while roughly every 36 hours [sic]." Dkt. 47, at 5.

3        Because the weather was unusually hot at the time, plaintiff asserts that conditions in the
4    shuttle became unbearably hot, causing him to suffer a heat stroke on June 7, 2016. Dkt. 47, at
5    5. Plaintiff "remained in the back of the shuttle for several more hours, into the evening," until
6    he was treated. Dkt. 47, at 5. Plaintiff was not immediately hospitalized but was returned to the
7    shuttle for several hours until defendant Prisoner Transport received permission to hospitalize
8    him. Dkt. 47, at 11. After a few days of treatment, he was released back into defendant Prisoner
9    Transport's custody "to continue the process of extradition[.]" Dkt. 47, at 11.

10       Plaintiff alleges that defendants should have considered more appropriate means of
11   transportation—particularly after he suffered from the heat stroke. Dkt. 47, at 6. Plaintiff claims
12   to have overheard a conversation between the shuttle driver and defendant George, in which the
13   driver requested a flight to be arranged for plaintiff's remaining transportation. Dkt. 47, at 11.
14   However, defendant George disregarded county policy and refused to allow for alternative
15   transportation, forcing defendant Prisoner Transport to continue to transport plaintiff in the van.
16   Dkt. 47, at 11. According to plaintiff, the shuttle driver told him that defendant George "must
17   really hate you." Dkt. 47, at 8. Plaintiff claims that defendant George "has held a grudge toward
18   him," after he fled prosecution. *See* Dkt. 47, at 8.

19       Plaintiff alleges that he spent another ten days in the shuttle, continuing to suffer "in
20   temperatures in excess of 95" degrees. Dkt. 47, at 12. By the time of intake at Kitsap County
21   Jail, he claims he lost approximately 40 pounds over the last month. Dkt. 47, at 12. As a result
22   of the heat stroke, he contends that he has suffered significant weight loss, circulatory and kidney
23   problems, memory loss, migraines, and other issues. Dkt. 47, at 5. He is allegedly now wheel-
24

1  chair bound, unable to walk, and must take medications.  *See* Dkt. 47, at 14.

2  He further alleges that after the incident, defendants suppressed his medical records in
3  response to plaintiff's public disclosure requests in February and March 2019, all working
4  "together, whether deliberately or . . . knowingly, to suppress Plaintiff's medical records[.]"
5  Dkt. 47, at 6.  Plaintiff's allegations of conspiracy to interfere with his civil rights rely on both
6  the allegations of impeding his records requests and the refusal to provide him with alternative
7  transportation after his heat stroke.  *See* Dkt. 47, at 15.

8  Plaintiff requests damages, that his conviction and sentence be vacated with prejudice,
9  and that a criminal investigation begin into defendant George and Kitsap County.  *See* Dkt. 47, at
10 18.  Plaintiff also provides a number of attachments to his amended complaint—his March 2019
11 records request for medical records directed to DOC, Kitsap County Sheriff Jail, and Prisoner
12 Transport; information about heat strokes; his map of the transport shuttle's journey; his
13 February 2019 records request to Kitsap County; and information about temperatures during his
14 trip.  *See* Dkt. 47, at 20–35.  Because these materials were attached to the amended complaint,
15 the Court may consider them on a motion to dismiss without converting the matter to summary
16 judgment.  *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

17 **II. Motions to Dismiss**

18 After plaintiff filed his amended complaint, the County defendants and defendant
19 Prisoner Transport filed two motions to dismiss.  *See* Dkts. 49, 50.  Both included notices to
20 plaintiff that if the motion to dismiss was granted, plaintiff's claims would be dismissed in whole
21 or in part, without trial or evidentiary hearing.  *See* Dkt. 49-2, Dkt. 50-2; *see also Woods v.*
22 *Carey*, 684 F.3d 934, 935 (9th Cir. 2012).  Plaintiff has filed responses to both motions, and

these matters are ripe for decision.

**DISCUSSION**

**I. Legal Standard**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be granted only if the complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Mere conclusory statements in a complaint and "formulaic recitation[s] of the elements of a cause of action" are not sufficient. *Id.*; *Chavez v. United States*, 683 F.3d 1102, 1108-09 (9th Cir. 2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ballistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570). The pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

While the Court must accept all the allegations contained in the Complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* When a plaintiff is proceeding *pro se*, his allegations must be viewed under a less stringent standard than allegations of plaintiffs represented by counsel. *Haines v. Kerner,* 404 US 519 (1972), *reh'g*

1  *denied,* 405 U.S. 948 (1972); *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985) (en

2  banc) (petitioner should be afforded the "benefit of any doubt").  While the court can liberally

3  construe a plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead.

4  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (*quoting Ivey v. Board of Regents of*

5  *University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  The court need not accept as true

6  unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.

7  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

8  **II.  Preliminary Matters**

9  **A.  Motion for Judicial Notice**

10  The County defendants request that the Court take judicial notice of a variety of records

11  from plaintiff's criminal proceedings—the charging document filed in 2017, the order for pre-

12  trial release, the plea agreement, and the judgment and sentence.  *See* Dkt. 49, at 4.  Plaintiff

13  objects that the documents are irrelevant and prejudicial.  *See* Dkt. 55, at 10.

14  On a motion to dismiss, the Court may take judicial notice of matters of public records

15  outside the pleadings without converting the matter to summary judgment.  *See Sacramento*

16  *Nonprofit Collective v. Holder*, 855 F. Supp. 2d 1100, 1104 (E.D. Cal. 2012) (citing *Reyn's*

17  *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006)).  The Court takes

18  judicial notice of these documents but considers them only to the extent that they establish a

19  timeline of events and that plaintiff was a pretrial detainee—not a convicted prisoner— at the

20  time of his transport.

21  **B.  Plaintiff's Request to Strike**

22  Plaintiff requests to strike the motions to dismiss as "premature" under Federal Rules of

23  Civil Procedure 12(f)(2) and 56(d).  Neither of the cited rules are applicable here, and the

24

1 motions are not premature. Therefore, the Court denies plaintiff's request to strike the motions
2 to dismiss.

3 **III. County Defendants' Motion to Dismiss**

4 The County defendants move for dismissal with prejudice of all of plaintiff's claims
5 against them. *See* Dkt. 49, at 1.

6 **A. § 1983 Claims**

7 **1. "Kitsap County Sheriff Jail"**

8 Plaintiff brings § 1983 claims against the "Kitsap County Sheriff Jail"—that is, the
9 Kitsap County Jail. *See* Dkt. 47, at 3. The § 1983 claims against this defendant should be
10 dismissed because the jail is not an entity subject to suit under § 1983. *See Hervey v. Estes*, 65
11 F.3d 784, 792 (9th Cir. 1995); *Mahoney v. Kitsap Cty. Jail*, No. C 19-5140 RBL/KLS, 2010 WL
12 5394821, at *3 (W.D. Wash. Nov. 8, 2010). Because amendment is futile, the dismissal should
13 be with prejudice.

14 **2. Kitsap County**

15 Plaintiff brings § 1983 claims against Kitsap County for violation of the Eighth and
16 Fourteenth Amendments. *See* Dkt. 47, at 4. Defendants argue that the § 1983 claims against
17 Kitsap County should be dismissed because plaintiff has failed to identify a custom or policy that
18 was the moving force behind the alleged violation. *See* Dkt. 49, at 9.

19 A county is subject to suit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,
20 690 (1978). However, a county is not liable simply because it employs someone who violated a
21 plaintiff's constitutional rights—a plaintiff must allege that governmental custom or policy
22 inflicted the injury. *See id.* at 694.

23
24

1       Here, plaintiff alleges that transporting him in the shuttle after his heat stroke was

2 *contrary to* Kitsap County's policy. *See* Dkt. 47, at 11. The heart of his claim is that defendant

3 George took it upon herself to act contrary to plaintiff's medical needs and county policy and

4 directed continued transportation in the van after plaintiff suffered a heat stroke. *See* Dkt. 47, at

5 11. Her alleged motivation was personal animus against plaintiff—"the one who got away."

6       Plaintiff otherwise identifies no Kitsap County custom or policy that he alleges was the

7 moving force behind the alleged constitutional violations. He makes no plausible allegation of

8 actions by the County—rather than defendant George—that caused his alleged constitutional

9 injury. *See also* Dkt. 55, at 11. Rather, plaintiff is seeking to hold the County liable for the

10 actions of defendant George under what appears to be a theory of supervisory liability, which is

11 inadequate in a § 1983 matter. *See Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 793 (9th Cir.

12 2016) (en banc).

13       In his response to the County defendants' summary judgment motion, plaintiff appears to

14 raise new allegations that the County failed to properly train employees to protect pretrial

15 detainees. *See* Dkt. 55, at 14. To prevail on such a claim, plaintiff would have to show that the

16 failure to train resulted from a conscious choice of the County, where the need for training is so

17 obvious and the inadequacy so likely to result in a violation of constitutional rights, that

18 policymakers can reasonably be said to have been deliberately indifferent to the need. *See*

19 *Kirkpatrick*, 843 F.3d at 793; *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Far from

20 making such allegations, plaintiff simply argues that because he suffered an alleged injury, there

21 must have been a failure to train. Thus, inasmuch as plaintiff raises new allegations in his

22 response to the motion to dismiss, his allegations still would not state an adequate claim against

23 the County.

24

Moreover, review of plaintiff's arguments in his response to the motion to dismiss indicate that amendment would be futile. Therefore, the § 1983 claims against defendant Kitsap County should be dismissed with prejudice.

### 3. Defendant George

Plaintiff alleges that defendant George was deliberately indifferent to his safety by ordering his continued transport in the shuttle van out of personal animus toward him and that she engaged in prosecutorial misconduct and malicious prosecution in advocating the charges against him. *See* Dkt. 47, at 11.

#### a. Deliberate Indifference

First, defendants argue that there was no deprivation of plaintiff's "right against cruel and unusual punishment." Dkt. 49, at 7 (emphasis and capitalization removed). Defendants argue the wrong standard—according to plaintiff's judgment and sentence, he was not convicted until November 17, 2017. Dkt. 49, at 61. Therefore, at the time of the alleged events, plaintiff was a pretrial detainee and his claim of deliberate indifference is analyzed under the objective standard set forth in *Gordon v. County of Orange*—

> (i) the defendant made an intentional decision with respect to the conditions under which plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused plaintiff's injuries.

888 F.3d 1118, 1125 (9th Cir. 2018).

Here, regarding defendant George, plaintiff alleges that after he suffered a heat stroke during transport—(i) she made an intentional decision not to allow alternative transportation, (ii) doing so returned plaintiff to the same environment in which he had already suffered a heat

1  stroke, (iii) she could have allowed air transport but refused to do so when Prisoner Transport
2  employees requested as much, and (iv) her failure to do so caused plaintiff's return to the same
3  conditions of transport and a lack of follow-up care after his heat stroke, causing at least some of
4  his injuries. *See* Dkt. 47, at 14. This is a colorable claim of deliberate indifference under
5  *Gordon*.

### b. Absolute Immunity

Second, defendants argue that defendant George, a prosecutor, is absolutely immune from liability. *See* Dkt. 49, at 7. The cases cited by defendants do not establish absolute immunity for every action that a prosecutor takes, however. A prosecutor has absolute immunity in acting as an advocate for the government, such as "initiating a prosecution and . . . presenting the State's case." *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 912 (9th Cir. 2012); *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). A prosecutor has only qualified immunity[1] for actions taken as an administrator or investigator, rather than as an advocate for the State. *See Imbler*, 424 U.S. at 430–31. Absolute immunity does not extend where a prosecutor is performing a purely administrative act, although it extends to administrative acts connected to the trial process that necessarily require legal knowledge and the exercise of legal discretion. *See Lacey*, 693 F.3d at 912.

Determining the function in which a prosecutor acted "is an inexact science" that depends on the act, not the actor. *See Lacey*, 693 F.3d at 912–13. "The prosecutor . . . 'bears the burden of showing that . . . immunity is justified for the function in question.'" *Lacey*, 693 F.3d at 912. Here, defendants have not met their burden and do not address whether defendant

---

[1] Defendants do not address whether qualified immunity shields defendant George from liability. *See* Dkt. 49, at 7.

REPORT AND RECOMMENDATION - 10

George, if she acted as alleged, stepped outside her role as the government's advocate and the protection of absolute immunity. A decision about *how* to transport an arrestee for trial certainly appears to be the type of administrative act not requiring legal knowledge and the exercise of legal discretion that falls outside the protections of absolute immunity. *See Lacey*, 693 F.3d at 912.

At this stage, the facts necessary to resolve defendant George's role have not been developed. However, taking the facts as alleged by plaintiff, as the Court is required to do for purposes of a motion to dismiss, there is a colorable claim that absolute immunity does not protect defendant George because her decision about the method of transporting plaintiff to Kitsap County was not part of her lawyerly role in advocating for the government but, rather, was an administrative action motivated by personal animus to punish plaintiff. The motion to dismiss the § 1983 deliberate indifference claim against defendant George should be denied.

### c. Prosecutorial Misconduct and Malicious Prosecution

Plaintiff alleges that since 1984, defendant George has pressed the criminal charges, which are false, against plaintiff, out of personal animus toward him. *See* Dkt. 47, at 17. Plaintiff requests that his conviction be vacated, that he receive damages paid by defendant George, and that a criminal investigation be instituted. *See* Dkt. 47, at 18. Defendants argue that the prosecutorial misconduct claim and claims related to plaintiff's underlying criminal conviction should be dismissed with prejudice. *See* Dkt. 49, at 13–15.

The Court interprets plaintiff's claims as malicious prosecution for wrongfully pressing and maintaining charges against plaintiff. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (the tort of malicious prosecution remedies detention "by *wrongful institution* of legal process"). To the extent that plaintiff seeks to bring a claim for prosecutorial misconduct, that claim should be

dismissed without prejudice.[2] *See Greer v. Miller*, 483, U.S. 756, 765 (1987) (a claim of prosecutorial misconduct is a claim that the trial was so unfair that a conviction was a denial of due process rights). Claims seeking to have a conviction vacated should be brought in a habeas petition, not a § 1983 action. *See Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973).

As for the malicious prosecution claim, such a claim may be brought under § 1983 if plaintiff shows the elements of malicious prosecution under state law, as well as malice, lack of probable cause, and the purpose of denying plaintiff equal protection or some other specific constitutional right. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1065 (9th Cir. 2004).

The root of plaintiff's malicious prosecution claim against defendant George is the allegation that she improperly brought and maintained the charges against him, acting out of personal animus despite knowing that he was innocent. *See* Dkt. 47, at 17. As noted above, it is well-established that a prosecutor when acting in her role as an advocate for the government is absolutely immune from liability for damages for her actions. *See also Milstein v. Cooley*, 257 F.3d 1004, 1008–09 (9th Cir. 2005) (noting that such immunity applies to claims of knowingly using false testimony, malicious prosecution, and suppression of evidence). This immunity applies to plaintiff's malicious prosecution claim against defendant George. Although plaintiff also reiterates his allegations about defendant George's participation in his conditions of confinement, these allegations are not claims of malicious "prosecution" but a re-iteration of his claim of deliberate indifference to his constitutional rights.

Further, plaintiff's request that his conviction be vacated is not proper in a § 1983. *See Preiser*, 411 U.S. at 500. And a request for damages for actions "whose unlawfulness would

---

[2] Defendants interpret this as a clam for malicious prosecution and do not separately address whether any prosecutorial misconduct claim should be dismissed with or without prejudice. *See* Dkt. 49, at 13.

1 render a conviction or sentence invalid"—actions such as engaging in prosecutorial misconduct, suppressing evidence, or intimidating witnesses—is not cognizable unless plaintiff's conviction or sentence has been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff does not allege that his conviction has been invalidated—indeed, he requests that this Court invalidate it. Thus *Heck* bars his claim for damages for malicious prosecution.

Plaintiff requests injunctive relief in the form of a criminal investigation so that, if they have broken the law, defendant George will be disbarred. However, the Court does not direct investigations. *See, e.g.*, *Potter v. NW Mortgage, Inc.*, 329 F.3d 608, 611 (8th Cir. 2003) (Courts are only empowered to adjudicate cases or controversies.).

For these reasons, plaintiff's malicious prosecution and prosecutorial misconduct claims against defendant George should be dismissed. The dismissal of the prosecutorial misconduct claims should be without prejudice because a claim of prosecutorial misconduct as grounds to vacate a conviction is properly brought in a habeas petition, not a § 1983 action; however, the dismissal of the malicious prosecution claims should be with prejudice, since defendant George is absolutely immune from this claim and amendment would be futile.

### B. § 1985(2)–(3) and § 1986 Claims

Plaintiff alleges claims under 42 U.S.C. § 1985(2)–(3) for obstruction of justice and conspiracy to interfere with his civil rights. *See* Dkt. 47, at 6. He alleges that defendants conspired together to (1) transport him under unconstitutional circumstances and (2) obstruct his ability to litigate his § 1983 complaint. *See* Dkt. 47, at 6.

42 U.S.C. § 1985 provides "an action for the recovery of damages" against those who conspire to obstruct justice or deprive a person of "equal protection of the laws, or of equal privileges and immunities under the laws. . . ." *See* 42 U.S.C. § 1985(2), (3). Like other

1  allegations, allegations of conspiracy "must satisfy" the pleadings standards set forth in *Iqbal*.
2  *Lacey*, 693 F.3d at 935 (citing *Iqbal*, 556 U.S. 662). Plaintiff must allege specific facts that
3  plausibly suggest the existence of a conspiracy. *See id.*

### 1.  § 1985(2)

Regarding his claim of conspiracy to transport him in unconstitutional conditions, plaintiff does not plausibly allege a conspiracy to obstruct justice in state court. His conclusion that a conspiracy existed is inadequate and controverted by his allegation that defendant George acted against County policy and the advice of the shuttle driver. Moreover, an allegation of obstruction of justice in *state* court requires a plaintiff to establish "class based animus." *Bretz v. Kelman*, 773 F.2d 1026, 1029 (9th Cir. 1985). However, plaintiff alleges that defendant George was motivated by personal animosity toward "the one that got away," not class-based animus. To the extent that plaintiff argues that he is a member of a suspect class as a "pretrial detainee," there is no authority holding that pretrial detainees are a suspect class. *See United States v. Whitlock*, 639 F.3d 935 (9th Cir. 2011) (prisoners are not a protected class).

Regarding his claim of conspiracy to obstruct proceedings in *federal* court by refusing to provide him with medical records, plaintiff again fails to plausibly allege any facts to support the existence of such a conspiracy. Plaintiff alleges simply that the four defendants "worked together, whether deliberately or indeliberately [sic] and knowingly, to suppress [his] medical records. . . ." Dkt. 47, at 6. This is a mere conclusion, unsupported by any plausible factual allegations.

Plaintiff's response to the County defendants' motion to dismiss simply re-iterates his conclusion that "Defendants" worked together to suppress his medical documents. *See* Dkt. 55,

1  at 6, 9–10, 20.  Because amendment would be futile, the Court should dismiss the § 1985(2)

2  claims with prejudice.

### 2. § 1985(3) Claims

4  Like a state-court obstruction of justice claim under § 1985(2), a § 1985(3) claim requires

5  a showing of invidious animus against a suspect class.  *See Griffin v. Breckenridge*, 403 U.S. 88,

6  102 (1971).  Again, plaintiff does not identify any particular discriminatory intent that motivated

7  defendants in his complaint, and in his response to the motion to dismiss, he relies on

8  unsupported allegations that pretrial detainees are a suspect class.  *See* Dkt. 55, at 15.  Because

9  amendment of these claims would be futile, plaintiff's § 1985(3) claims should be dismissed

10  with prejudice.

### 3. § 1986 Claims

12  A colorable § 1985 claim is a prerequisite to a claim under § 1986 (negligence to prevent

13  a wrongful conspiracy as described in § 1985).  *See, e.g.*, *Wash. v. Duty Free Shoppers*, 696 F.

14  Supp. 1323, 1327 (N.D. Cal. 1988) (citing *Trerice v. Pedersen*, 769 F.3d 1398 (9th Cir. 1985)).

15  Because plaintiff's § 1985 claims against the County defendant should be dismissed with

16  prejudice, his § 1986 claims should be dismissed with prejudice, as well.

### C.  Conclusion

18  The County defendants' motion to dismiss should be granted in part and denied in part.

19  Other than plaintiff's deliberate indifference claim against defendant George, all of plaintiff's

20  claims against defendants George, Kitsap County, and "Kitsap County Sheriff Jail" should be

21  dismissed with prejudice except any claim of prosecutorial misconduct that plaintiff is bringing

22  separately from his malicious prosecution claim.  That prosecutorial misconduct claim should be

1 dismissed without prejudice.  His claim against defendant George for deliberate indifference in
2 violation of the Fourteenth Amendment should survive.

### IV.  Defendant Prisoner Transport's Motion to Dismiss

Defendant Prisoner Transport separately requests dismissal with prejudice of all claims against it.  *See* Dkt. 50, at 1.  Although defendant Prisoner Transport addresses numerous alternative reasons to dismiss the amended complaint's claims against it, the undersigned addresses only those issues necessary to recommend granting the motion.

### A.  § 1983 Claim for Deliberate Indifference

To make a colorable claim against a private entity under § 1983, a plaintiff must show that the entity was acting under color of state law and that the violation was caused by an official custom or policy of the entity.  *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012).

Plaintiff alleges no connection between Prisoner Transport's policies, customs, and practices and the alleged constitutional violations.  He states that he was placed in the back of a van under conditions that caused heat stroke.  Dkt. 47, at 5.  But he does not specify whether this was at the direction of defendant George, a result of the actions of Prisoner Transport's employees for which plaintiff seeks to hold Prisoner Transport vicariously liable, or an official custom, policy, or pattern of Prisoner Transport.  His claims fall well short of the standard set out in *Tsao* and *Monell*.  Plaintiff alleges that the shuttle driver of the Prisoner Transport vehicle acted at the behest of defendant George, who plaintiff alleges denied the driver's request to fly plaintiff to Kitsap County after plaintiff suffered a heat stroke.  *See* Dkt. 47, at 11.  Plaintiff asserts that Prisoner Transport was bound to follow defendant George's directions under the terms of the operative contract.  *See* Dkt. 47, at 11.  Nothing in these allegations plausibly

1 | supports that there was a corporate custom, policy, or practice that was the moving force behind
2 | plaintiff's constitutional injury.

3 | In response to Prisoner Transport's motion to dismiss, plaintiff raises new allegations that
4 | it was a corporate failure to train that caused his constitutional deprivation. *See* Dkt. 56, at 10.
5 | To the extent that these arguments are offered in support of a request for dismissal without
6 | prejudice, the additional allegations would not render plaintiff's § 1983 claims against Prisoner
7 | Transport colorable. Again, plaintiff simply argues that because he suffered an alleged injury,
8 | there must have been a failure to train. *See* Dkt. 56, at 10–11. The dismissal of these claims
9 | should be with prejudice.

10 | **B. §§ 1985(2)–(3) and 1986 Claims**

11 | Defendant Prisoner Transport incorporates by reference the County defendants'
12 | arguments in support of dismissal. *See* Dkt. 50, at 1 n.2. As noted above, the Court recommends
13 | that the claims brought under §§ 1985(2)–(3) and 1986 should be dismissed with prejudice for
14 | failure to plausibly allege discrimination on the basis of membership in a suspect class and
15 | failure to plausibly allege the existence of a conspiracy. These reasons apply to the claims
16 | against all defendants, including defendant Prisoner Transport.

17 | **CONCLUSION**

18 | For the reasons set forth above, the Court recommends that the motion to dismiss filed by
19 | defendant Prisoner Transport (Dkt 50) be granted and that motion to dismiss filed by the County
20 | defendants (Dkt. 49) be granted in part and denied in part. Specifically, the only surviving claim
21 | should be the deliberate indifference claim under § 1983 against defendant George. All other
22 | claims should be dismissed with prejudice, including dismissing defendants Prisoner Transport,
23 | Kitsap County, and Kitsap County Jail as defendants in this matter, except that the dismissal of
24 |

1 | any prosecutorial misconduct claim independent of plaintiff's § 1983 malicious prosecution
2 | claim should be without prejudice.
3 |   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
4 | fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.
5 | 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo*
6 | review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
7 | of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
8 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
9 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on March 27,
10 | 2020 as noted in the caption.
11 |   Dated this 11th day of March, 2020.

                        */s/ J. Richard Creatura*

                        J. Richard Creatura
                        United States Magistrate Judge