UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD LEE PAULSON,

Plaintiff,

v.

PRISONER TRANSPORT, et al.,

Defendants.

CASE NO. 3:19-cv-05491-BHS-JRC

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING MOTION FOR STAY OF DISPOSITIVE MOTIONS

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 66, Plaintiff's objections to the R&R, Dkt. 68, and Plaintiff's motion for a temporary stay of dispositive motions, Dkt. 67.

## I. BACKGROUND

Plaintiff brought this matter in June 2019, alleging that his constitutional rights were violated by the conditions of his transport from Oklahoma to Kitsap County, Washington. Dkt. 1. In the operative complaint, Plaintiff brings claims under 42 U.S.C. § 1983 against Kitsap County prosecutor Ione George ("George"), the "Kitsap County Sheriff Jail" (the "Jail") and Kitsap County (collectively, the "County Defendants"), as

well as Prisoner Transport, a private company. Dkt. 47 at 3, 10. Against all defendants, Plaintiff brings claims of violations of his Eighth and Fourteenth Amendment rights and for conspiracy pursuant to 42 U.S.C. §§ 1985(2)–(3) and 1986. Dkt. 47 at 5–6. Against George, plaintiff additionally brings claims of prosecutorial misconduct and malicious prosecution. Dkt. 47 at 7. On March 11, 2020, after considering defendants' motions to dismiss, Judge Creatura issued the R&R recommending the dismissal of all of Plaintiff's claims except the §1983 claim against George for deliberate indifference. The R&R recommended that all the remaining claims be dismissed with prejudice except for the claim against George for prosecutorial misconduct, which it recommended be dismissed without prejudice. Plaintiff timely filed objections, Dkt. 68, to which the County Defendants and Prisoner Transport have responded, Dkts. 70, 72. Plaintiff also filed a motion for a temporary stay of dispositive motions. Dkt. 67. All defendants timely responded to that motion, Dkts. 70, 71, and Plaintiff did not file a reply.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

### A. Motion to Stay Dispositive Motions

Plaintiff seeks to stay consideration of dispositive motions on the ground that he will shortly receive medical records he believes the Court should consider. Dkt. 67. Defendants respond that consideration of such evidence would in no way affect the

propriety of the Magistrate Judge's recommendations on their motions to dismiss. Dkt. 70, 71.

Defendants are correct. The R&R addresses motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. 66 at 5. In ruling on a motion to dismiss, the court must assume that facts pled by the plaintiff are true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, that means that Judge Creatura was required to, and did, assume that Plaintiff suffered the harms he alleged, including that he suffered and received medical treatment for heat stroke and related medical conditions. Although Plaintiff's medical records may be required at later stages of this litigation to prove those allegations, the records are irrelevant to the determination of the motions to dismiss. The Court denies Plaintiff's motion to stay the consideration of defendants' motions to dismiss.

**B. Plaintiff's Objections to the R&R**

Plaintiff objects to the dismissal of his claims against the Jail, Kitsap County and Prisoner Transport, and objects to the dismissal of his malicious prosecution and prosecutorial misconduct claims against George, as well as the dismissal of his conspiracy claims pursuant to 42 U.S.C. §§ 1985(2)–(3) and 1986. Dkt. 68. For the reasons discussed below, the Court finds Plaintiff's objections are without merit and adopts the R&R.

**1. Dismissal of the Jail**

Plaintiff argues that employees of the Jail prevented him from filing grievances. Dkt. 68 at 2. But a jail is not an entity that can be sued under §1983. *Hervey v. Estes*, 65 F.3d 784, 792 (9th Cir. 1995); *Mahoney v. Kitsap Cty. Jail*, No. C 19-5140 RBL/KLS,

2010 WL 5394821, at *3 (W.D. Wash. Nov. 8, 2010). The Court adopts the R&R's recommendation that the Jail be dismissed with prejudice.

**2. Dismissal of Kitsap County**

Plaintiff argues that Kitsap County should held liable because it should not have transported him by van. Dkt. 58 at 4. A county is not liable simply because it employs someone who violated a plaintiff's constitutional rights; the injury must have occurred as a result of a governmental policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). As the R&R points out, Plaintiff's complaint depends upon his allegation that George was responsible for the decision to continue his transport by van and was motivated by personal animus; thus, Plaintiff alleges that George's decision, rather than a policy of the County, was the cause of his injuries. Dkt. 66 at 8 (citing Dkt. 47 at 11). In response to the County Defendants' motion to dismiss, Plaintiff asserted that the County failed to properly train its employees, but as noted by the R&R, Plaintiff supplied no facts demonstrating that the County's alleged failure to train arose from a conscious choice by the County that was deliberately indifferent to the need for training. Dkt. 66 at 8.

In his objections, Plaintiff appears to raise a third theory, that the County did not have a special policy for the transport of elderly detainees. Dkt. 68 at 4. But again, Plaintiff's assertion is based upon raw speculation and is unsupported by allegations of fact. Such bare assertions are insufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Furthermore, even if Plaintiff were allowed to amend his complaint to allege this new theory, he would be required to allege facts

sufficient to demonstrate that County policymakers knew of and were deliberately indifferent to the need for a special transportation policy for elderly detainees. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). Nothing in Plaintiff's bare allegation establishes that such facts could be alleged; therefore, amendment would be futile. The Court adopts the R&R's recommendation that Plaintiff's claims against the County be dismissed with prejudice.

**3. Dismissal of Malicious Prosecution and Prosecutorial Misconduct Claims**

Plaintiff contends that his malicious prosecution and prosecutorial misconduct claims against George should not have been dismissed. None of Plaintiff's arguments can overcome the established legal principle that a prosecutor has absolute immunity from a claim arising from actions she takes in her capacity as an advocate, including the decision to prosecute. *Milstein v. Cooley*, 257 F.3d 1004, 1008–09 (9th Cir. 2005). Likewise, any claim for prosecutorial misconduct is legally barred: a claim for damages for an action, like malicious prosecution, that would render a sentence invalid may only be brought after the sentence has been vacated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). A sentence cannot be vacated in a §1983 action; such relief may only be obtained through a habeas corpus petition. *Id*. Plaintiff's argument that he has failed to meet the requirements to obtain habeas relief does not alter the legal bar to such relief in a § 1983 action. The Court adopts the R&R's recommendation that Plaintiff's malicious prosecution claims against George be dismissed with prejudice and that his prosecutorial misconduct claim be dismissed without prejudice.

**4. Dismissal of Prisoner Transport**

A private entity will only be held liable under §1983 if it was acting under color of state law and the alleged violation was caused by the entity's custom or policy. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012). Plaintiff's objections argue that Prisoner Transport should be held liable for its employees' failures to protect him. Dkt. 68 at 5. This argument fails, because § 1983 does not impose liability upon supervisors for the conduct of their employees. *Tsao*, 698 F. 3d at 1139. The Court adopts the R&R's recommendation that the claims against Prisoner Transport be dismissed with prejudice.

**5. Dismissal of Conspiracy Claims under 42 U.S.C. §§ 1985(2)–(3), 1986**

The R&R recommends dismissal of Plaintiff's conspiracy claims because he failed to allege facts establishing defendants' animus against him due to his membership in a suspect class. Dkt. 33 at 14–15. Plaintiff now asserts that he was mistreated due to his status as a sex offender. Dkt. 68 at 8-10. Sex offenders are not a suspect class. *United States v. LeMay*, 260 F.3d 1018, 1030 (9th Cir. 2001). The Court adopts the R&R's recommendation that the conspiracy claims be dismissed.

## III. ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Paulson Prisoner Transport's motion to dismiss, Dkt. 50, is **GRANTED**; all claims against it are **DISMISSED with prejudice**;

(3) The County Defendants' motion to dismiss, Dkt. 49, is **GRANTED in part** and **DENIED in part**. Specifically, the motion is **DENIED** only as to the § 1983 claim against George for deliberate indifference. All remaining claims against defendants George, Kitsap County and the Jail are **DISMISSED with prejudice**, except that Plaintiff's claims of prosecutorial misconduct is **DISMISSED without prejudice**;

(4) Plaintiff's motion for a temporary stay of dispositive motions, Dkt. 67, is **DENIED**; and

(5) This matter is re-referred to Magistrate Judge Creatura for further proceedings.

Dated this 30th day of April, 2020.

BENJAMIN H. SETTLE
United States District Judge