UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD LEE PAULSON,

        Plaintiff,

    v.

IONE GEORGE,

        Defendant.

CASE NO. 3:19-cv-05491-BHS-JRC

ORDER DENYING MOTION TO SUPPLEMENT

This matter is before the Court on referral from the District Court and on plaintiff's motion to supplement the complaint. Dkt. 93. Plaintiff's motion to supplement is properly interpreted as a motion to amend his complaint. Because plaintiff failed to comply with the procedures required to seek amendment of his complaint, his motion is denied.

## DISCUSSION

The District Court previously dismissed all claims against defendants other than the claim against defendant Ione George for deliberate indifference. *See* Dkt. 76, at 6–7. In the operative complaint (Dkt. 47), plaintiff alleges that defendant George violated the Eighth Amendment by

ordering his post-arrest transport in inhumane conditions in a van for more than 3,000 miles, resulting in plaintiff suffering a heat stroke and other medical issues.

It appears that plaintiff now requests to "supplement" his complaint by adding allegations regarding pre-trial events pertaining to alleged discovery withheld by the prosecution, an attack on plaintiff by his cellmate in 2016, the prosecutor's alleged conflict of interest, and facts related to the driver of the transport van. *See* Dkt. 93, at 3–4.

"On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened *after the date of the pleading to be supplemented*." Fed. R. Civ. P. 15(d) (emphasis added). But it does not appear that plaintiff seeks to supplement his complaint pursuant to Rule 15(d) by adding events that occurred after the date of the pleading. *See* Dkt. 93. The evidentiary attachments to plaintiff's motion do not include any events allegedly occurring after plaintiff initiated this matter—let alone after plaintiff filed his most recent complaint. *See* Dkt. 93; *see also* Dkt. 96. Therefore, the Court construes plaintiff's motion to "supplement" as a motion to amend. At this stage of the proceedings, plaintiff must have the Court's permission to amend his complaint. *See* Fed. R. Civ. P. 15(a).

Even interpreting the motion as a motion to amend, however, plaintiff's motion is not proper under the Court's Local Civil Rules ("LCRs"). LCR 15 requires the party seeking leave to amend to "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" And—

> [plaintiff] must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

1 | LCR 15.  Plaintiff has not complied with this requirement by providing the Court with a copy of
2 | his proposed amended complaint.  This requirement is important so that the Court can ascertain
3 | the causes of action and amendments that are proposed, in order to determine whether the
4 | amendments would be futile.  *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th
5 | Cir.2008).

6 | Therefore, the motion to supplement is denied.  *See* Dkt. 93.

7 | Dated this 13th day of April, 2021.

J. Richard Creatura
Chief United States Magistrate Judge