UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD LEE PAULSON, <br><br>    Plaintiff, <br><br> v. <br><br> IONE GEORGE, <br><br>    Defendant. | CASE NO. 3:19-cv-05491-BHS-JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED FOR: September 17, 2021 |

The District Court has referred this 42 U.S.C. § 1983 civil rights action to Chief United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and Local Magistrate Judge Rules MJ1, MJR3, and MJR4.

Plaintiff, Ronald Lee Paulson, is currently incarcerated at Coyote Ridge Corrections Center and alleges that he became seriously ill due to the conditions of his confinement during a 2016 extradition from Oklahoma to Washington based on a bench warrant from 1990. During the trip, plaintiff was hospitalized in Texas with symptoms of a heat stroke due to hot weather, lack of water, and inadequate air conditioning in the transport van. Plaintiff claims that defendant

REPORT AND RECOMMENDATION - 1

1  Ione George, who was one of the prosecutors that worked on his criminal case in 1990, was
2  deliberately indifferent to his medical needs when she made the intentional decision to deny
3  alternative transportation for the remainder of the trip.
4        Defendant denies that she had any involvement in plaintiff's travel arrangements and
5  filed a malicious prosecution counterclaim against plaintiff. Defendant set forth evidence that the
6  extradition was arranged by the Poulsbo Police Department and that she never communicated
7  with the transportation company or any medical staff in Texas concerning plaintiff. Having
8  reviewed defendant's motion for summary judgment and the relevant record, the Court finds that
9  plaintiff has failed to sufficiently rebut defendant's summary judgment showing that she did not
10 make an intentional decision regarding his extradition. Therefore, the Court recommends that
11 defendant's motion for summary judgment be granted as to plaintiff's deliberate indifference
12 claim and that the claim be dismissed with prejudice. Furthermore, because the Court
13 recommends dismissal of the only remaining federal claim, the Court also recommends that the
14 District Court decline to exercise its supplemental jurisdiction over defendant's counterclaim and
15 recommends that defendant's motion for summary judgment as to that claim be denied and that
16 the claim be dismissed without prejudice.

## PROCEDURAL HISTORY

18       Plaintiff, who is incarcerated and proceeding *in forma pauperis* ("IFP"), brought this
19 matter in June 2019. *See* Dkt. 1. In the operative complaint (Dkt. 47), plaintiff brought claims
20 against defendant Ione George, Kitsap County, "Kitsap County Sheriff Jail," and Prisoner
21 Transport, a private company. *See* Dkt. 47, at 3, 10. Against all defendants, plaintiff brought
22 claims of violations of his Eighth and Fourteenth Amendment rights and 42 U.S.C. §§ 1985(2)–
23
24

(3) and 1986. *See* Dkt. 47, at 5–6. Against defendant George, plaintiff additionally brought claims of prosecutorial misconduct and malicious prosecution. *See* Dkt. 47, at 7.

On December 17, 2019, all defendants moved for dismissal of all claims. *See* Dkts. 49–50. The undersigned issued a Report and Recommendation on March 11, 2020 recommending that all claims be dismissed except for plaintiff's deliberate indifference claim against defendant. Dkt. 66. The District Court adopted the Report and Recommendation on April 30, 2020. Dkt. 76. On June 5, 2020, defendant filed an answer to plaintiff's amended complaint and a counterclaim for malicious prosecution. Dkt. 79. Plaintiff filed an answer to defendant's counterclaim on July 15, 2020. Dkt. 83. On March 29, 2021, defendant moved for summary judgment on plaintiff's deliberate indifference claim and on her malicious prosecution counterclaim. Dkt. 97. Plaintiff was provided a notice of dispositive motion pursuant to *Rand v. Rowland*, 113 F.3d 1520 (9th Cir. 1997) and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 14 (9th Cir. 2003). *See* Dkt. 97-2.

Plaintiff filed a response to defendant's motion for summary judgment on August 2, 2021. Dkts. 109–110. Defendant filed her reply on August 5, 2021. Dkt. 111. Plaintiff filed a sur-reply on August 20, 2021, without seeking leave of court. *See* Dkt. 112. Because plaintiff is *pro se*, the Court has considered plaintiff's sur-reply, but notes that it does not affect the outcome of this matter.

## FACTUAL BACKGROUND

In May 2016, plaintiff was arrested in Oklahoma on a bench warrant from 1990. Dkts. 47, at 4; 99, at 9. Defendant's name appears on the bench warrant as the prosecuting attorney. Dkt. 98, Declaration of Ione George in Support of Defendant's Motion for Summary Judgment ("George Declaration"), Exhibit A at 6. In June 2016, Prisoner Transportation Services of America ("PTSA"), a private company, took custody of plaintiff in Oklahoma and put him in a

van to be transported to Kitsap County, Washington. Dkt. 47, at 5. While in Texas, due to hot weather, lack of water, and inadequate air conditioning, plaintiff became ill and was hospitalized with symptoms of a heat stroke. Dkt. 47, at 5. After plaintiff was discharged from the hospital, PTSA placed him back in the van and continued with the trip, which lasted for thousands of miles. Dkt. 109, 3.

**STANDARD OF REVIEW**

Summary judgment is appropriate if a moving party shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of a given fact is determined by the required elements of the substantive law under which the claims are brought. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Factual disputes that do not affect the outcome of the suit under the governing law will not be considered. *Id.*

Where there is a complete failure of proof concerning an essential element of the nonmoving party's case on which the nonmoving party has the burden of proof, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson*, 477 U.S. at 254 ("the judge must view the evidence presented through the prism of the substantive evidentiary burden"). However, when presented with a motion for summary judgment, the court shall review the pleadings and evidence in the light most favorable to the nonmoving party, *Anderson*, 477 U.S. at 255 (citation omitted), and "a pro se complaint will be liberally construed . . . ." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (other citation omitted).

1    Once the moving party has carried its burden under Fed. R. Civ. P. 56, the party opposing
2    the motion "must do more than simply show that there is some metaphysical doubt as to the
3    material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The
4    opposing party cannot rest solely on his pleadings but must produce significant, probative
5    evidence in the form of affidavits, and/or admissible discovery material that would allow a
6    reasonable jury to find in his favor. *Id.* at n.11; *Anderson*, 477 U.S. at 249–50. However,
7    weighing of evidence and drawing legitimate inferences from facts are jury functions, and not
8    the function of the court. *See United Steel Workers of Am. v. Phelps Dodge Corps.*, 865 F.2d
9    1539, 1542 (9th Cir. 1989).

10   Because plaintiff is *pro se*, in ruling on the motions for summary judgment, the Court
11   will consider all of plaintiff's contentions offered in verified pleadings, where such contentions
12   are based on personal knowledge and set forth facts that would be admissible in evidence, and
13   where plaintiff attested under penalty of perjury that the contents of the verified pleadings are
14   true and correct. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). However, to the extent
15   that plaintiff relies on conclusory statements, unsupported conjecture, and allegations based
16   merely on belief, such are insufficient to create a genuine, material issue of fact. *See Hernandez*
17   *v. Spacelabs Med. Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003).

## DISCUSSION

19   In order to recover pursuant to 42 U.S.C. § 1983, a plaintiff must prove that (l) the
20   conduct complained of was committed by a person acting under color of state law and that (2)
21   the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or
22   laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other*
23   *grounds, Daniels v. Williams*, 474 U.S. 327 (1986).

## I. Defendant's Request to Strike

In her reply brief, defendant asks this Court to strike or disregard plaintiff's responsive brief because it was untimely filed or served. *See* Dkt. 111, at 1–2. After granting plaintiff's motion for an extension of time, this Court set plaintiff's response deadline to August 2, 2021. *See* Dkt. 106. Defendant alleges that plaintiff did not file or serve his response until August 3, 2021. Dkt. 111, at 1. However, according to the docket, plaintiff filed his response on August 2, 2021. *See* Dkts. 109–110. Therefore, plaintiff's response was timely and will be considered by the Court.

## II. Plaintiff's Fourteenth Amendment Claim

Plaintiff's only remaining claim is that defendant acted with deliberate indifference to plaintiff's serious medical needs when defendant allegedly made the decision not to provide alternative transportation for plaintiff after he suffered a heat stroke. *See* Dkts. 47, at 11; 66, 76. Claims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment are evaluated under an objective deliberate indifference standard. *See Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). To succeed in this type of claim, a plaintiff must prove the following:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*

In support of her motion for summary judgment, defendant argues that plaintiff has presented no admissible facts that defendant made an intentional decision with

respect to the conditions under which plaintiff was confined. Dkt. 97, at 6. Defendant argues that she was not involved in plaintiff's extradition because its arrangement was between PTSA and the Poulsbo Police Department—not the Kitsap County Prosecuting Attorney's Office or herself. Dkt. 97, at 3. In support, defendant submitted a transport waiver and prisoner receipt for plaintiff that list Poulsbo Police Department as the requesting agency. *See* Dkt. 99, Declaration of John C. Purves in Support of Defendant's Motion for Summary Judgment ("Purves Declaration"), Exhibit A at 5–6. Furthermore, defendant submitted a declaration stating that she has never communicated with any agent or employee of PTSA or any medical providers in Texas relating to plaintiff. Dkt. 98, George Declaration, at 3–4.

Defendant also argues that plaintiff relies on inadmissible hearsay, which should be disregarded at the summary judgment stage. *See* Dkts. 97, at 6; 111, at 2. Specifically, defendant takes issue with plaintiff's evidence concerning Sgt. Coleman's statements regarding his alleged phone conversation with defendant. *Id.* However, in the Ninth Circuit, if the contents of the evidence could be presented in an admissible form at trial, those contents may be considered on summary judgment even if the evidence itself is hearsay. *See Fraser v. Goodale*, 342 F.3d 1032, 1037 (9th Cir. 2003). When a statement is hearsay within hearsay, each statement must qualify under some exemption or exception to the hearsay rule to be admissible. Fed. R. Evid. 805; *U.S. v. Arteaga*, 117 F.3d 388, 396 n.12 (9th Cir.1997).

Here, any statements made by defendant to Sgt. Coleman would be considered an opposing party's statement, which is not hearsay. *See* Fed. R. Evid. 801(d)(2). Furthermore, Sgt. Coleman's statements could be presented in an admissible form at trial if he is called to testify.

1 Therefore, the Court can consider the contents of Sgt. Coleman's statements at the summary
2 judgment stage.

3 Regardless of whether it is admissible evidence or not, nothing that plaintiff provided the
4 Court regarding the phone call is evidence that defendant made an intentional decision to deny
5 alternative transportation. Plaintiff merely provides speculation that defendant made the decision.
6 What plaintiff has submitted to the Court does not show that Sgt. Coleman ever said that
7 defendant made the decision to deny alternative transportation. According to plaintiff, Sgt.
8 Coleman told him that defendant, "the prosecutor in charge of his case[,] made statements that
9 were specific to him." Dkt. 109, at 2. Plaintiff does not clarify what those statements were. *See*
10 *id.* Plaintiff then states that "[r]equests for alternate transportation were denied." *Id.* However, it
11 is not clear that defendant was the one who made the decision.

12 More importantly, plaintiff has not submitted evidence that defendant had the authority to
13 make a decision regarding his method of transportation. According to plaintiff, because
14 defendant was "the prosecutor exercising the warrant," defendant was "in charge." Dkt. 99,
15 Purves Declaration, Exhibit C at 15. However, uncontroverted evidence presented by defendant
16 shows that Poulsbo Police Department was the agency that made the request for his extradition,
17 not defendant. Dkt. 99, Purves Declaration, Exhibit A at 5–6.

18 Plaintiff also appears to rely on a Washington statute regarding the intrastate exchange or
19 transfer of prisoners to support his claim that defendant had authority to make the decision. *See*
20 Dkts. 92, at 4; 99, at 15; RCW 72.68.020. However, it is unclear how that statute is evidence that
21 defendant was responsible for plaintiff's transportation. Furthermore, the statute is inapplicable
22 here because the extradition was from Oklahoma to Washington, which makes it interstate, not
23 intrastate.

24

In sum, plaintiff has not done "more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. Specifically, he has failed to sufficiently rebut defendant's summary judgment showing that she did not make an intentional decision regarding his extradition. Therefore, there is no genuine issue of material fact and defendant's motion for summary judgment should be granted as to plaintiff's deliberate indifference claim.

### III. Absolute Immunity

Because the Court has already determined that defendant is entitled to summary judgment as to plaintiff's underlying claim, the Court declines to determine whether defendant is entitled to absolute immunity from liability for damages.

### IV. Defendant's Malicious Prosecution Counterclaim

#### a. Supplemental Jurisdiction

Defendant moves for summary judgment on her malicious prosecution counterclaim based on state law. Dkt. 97, at 7–8. Federal courts are under a continuing duty to confirm their jurisdiction power and are "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence . . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). When the Court has original jurisdiction over a case, the Court also has supplemental jurisdiction over "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). The Court may decline to exercise that jurisdiction if the claim raises "a novel or complex issue of State law," the state claim "substantially predominates" over the federal claim, the Court has dismissed all of the federal claims, or "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

Here, the Court has original jurisdiction over the case because plaintiff brought a federal claim. However, because the Court recommends the dismissal of the only remaining federal claim, the Court also recommends that the District Court decline to exercise its supplemental jurisdiction over defendant's counterclaim. *See* 28 U.S.C. § 1367(c)(3). Therefore, defendant's motion for summary judgment should be denied as to her malicious prosecution counterclaim and the counterclaim should be dismissed without prejudice.

## V. *In Forma Pauperis* on Appeal

The Court recommends revoking plaintiff's IFP status for purposes of appeal. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3). A plaintiff satisfies the "good faith" requirement if he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any arguable basis in law or fact. *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Here, as noted, plaintiff failed to sufficiently rebut defendant's summary judgment showing that she did not make an intentional decision regarding his extradition. As such, the undersigned recommends that plaintiff's IFP status be revoked for purposes of any appeal.

## CONCLUSION

The undersigned recommends that defendant's motion for summary judgment (Dkt. 97) be **granted** as to plaintiff's claim and **denied** as to defendant's counterclaim. Plaintiff's claim should be **dismissed with prejudice** and defendant's counterclaim should be **dismissed without prejudice.**

1 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **September 17, 2021**, as noted in the caption.

Dated this 1st day of September, 2021.

_____
J. Richard Creatura
Chief United States Magistrate Judge