UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD LEE PAULSON,<br><br>                Plaintiff,<br><br>  v.<br><br>IONE GEORGE,<br><br>                Defendant. | CASE NO. C19-5491 BHS<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

THIS MATTER is before the Court on Magistrate Judge Creatura's Report and Recommendation, Dkt 113, recommending that the Court grant Defendant Ione George's Motion for Summary Judgment, Dkt. 97, dismiss *pro se* Plaintiff Ronald Paulson's complaint with prejudice, and revoke Paulson's *in forma pauperis* status on appeal. It also recommends denying George's Motion for Summary Judgment on her state law malicious prosecution counterclaim, declining to exercise supplemental jurisdiction over it, and dismissing that claim without prejudice. Dkt. 113 at 9–10.

Paulson objects to the R&R, Dkt. 119, claiming that he has new evidence supporting his claim that George played some actionable role in transporting him from Oklahoma to Washington on a bench warrant. Paulson claims he was injured during that

ORDER - 1

transport. George Responds, Dkt. 121, pointing out that none of the proffered evidence changes the legal outcome.

Paulson also moves for a Decision, Dkt. 122, on his February 22, 2021 Motion for Reconsideration, Dkt. 91, of Judge Leighton's April 30, 2020 Order adopting a prior R&R in this case. If it is still pending, Paulson's Motion for Reconsideration, Dkt. 91, is DENIED as untimely and as moot. Paulson's Motion for a Decision, Dkt. 122, is, to that extent, GRANTED.

A district judge must determine de novo any part of a magistrate judge's proposed disposition to which a party has properly objected. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3). A proper objection requires specific written objections to the findings and recommendations in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

Paulson's claim against prosecuting attorney George is essentially based on the fact her name is on his arrest warrant. Thus, he alleges, she is liable for the injuries he suffered while being transported by a third party. As Judge Creatura explained, and as George explains in her Response, that is not a plausible theory of liability as a matter of law.

1     The Report and Recommendation is on these points is **ADOPTED**. Defendant

2 George's Motion for Summary Judgment, Dkt. 97, is **GRANTED** as to Paulson's claims,

3 and all of Plaintiff Paulson's claims against her are **DISMISSED** with prejudice. In the

4 event of an appeal, Paulson's *in forma pauperis* status shall be **REVOKED**, for the

5 reasons articulated in the R&R.

6     George did not object to the R&R's recommended denial of her summary

7 judgment motion on her malicious prosecution counterclaim, or its recommendation that

8 the Court dismiss that claim without prejudice, leaving her to re-file it in state court. Had

9 she done so, the Court likely would not have adopted that part of the R&R. The claim

10 appears to have merit, and the case is already more than two years old. It would be a

11 waste of time and resources to force George to start anew in a state court lacking any

12 knowledge of the proceedings here—the proceedings upon which her counterclaim is

13 based. *See* 28 U.S.C. § 1367.

14     However, she does not object, and the Court will therefore **ADOPT** that portion of

15 the R&R as well. George's Motion for Summary Judgment on her malicious prosecution

16 counterclaim is **DENIED**, the Court **DECLINES** to exercise supplemental jurisdiction

17 over that claim under § 1367(c), and it is **DISMISSED** without prejudice.

18     Any other pending motions are **DENIED** as moot.

19     The clerk shall enter a judgment and close the case.

20     IT IS SO ORDERED.

21 //

22 //

1  Dated this 12th day of January, 2022.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 4